# No. 21-15802

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

STEVEN W. CROWE,

*Plaintiff-Appellant*,

v.

CHRISTINE WORMUTH, Secretary of the Army, sued in her official capacity,

*Defendant-Appellee*.

On Appeal from the United States District Court for the District of Hawaii in No. 1:18-cv-00288-ACK-RT

The Honorable Alan C. Kay

### PLAINTIFF-APPELLANT'S SUPPLEMENTAL BRIEF

| | |
|---|---|
| CABALLERO LAW LLLC | GILBERT & SMITH LAW FIRM |
| MATEO CABALLERO | ELBRIDGE W. SMITH |
| Hawaii Bar No. 10081 | Hawaii Bar No. 2079 |
| mateo@caballero.law | shlaw@hawaii.rr.com |
| P.O. Box 235052 | ELBRIDGE Z. SMITH |
| Honolulu, Hawaii 96823 | Hawaii Bar No. 10120 |
| Telephone: (808) 600-4749 | shlaw@hawaii.rr.com |
| | 745 Fort St Ste 311 |
| | Honolulu, HI 96813-3803 |
| | Telephone: (808) 523-5050 |
| | Facsimile: (808) 538-1382 |

GILBERT EMPLOYMENT LAW, P.C.

KEVIN L. OWEN
Maryland Attorney ID 0512150020
KOwen@GELawyer.com
1100 Wayne Ave., Suite 900
Silver Spring, MD 20910
Telephone: (301) 608-0880
Facsimile: (301) 608-0881

November 4, 2022

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

ARGUMENT...................................................................................................... 4

I.    In Accordance with EEO-MB 100-1, the MSPB Has Rejected Pendent Jurisdiction Over Claims that Do Not Qualify As Adverse Actions Appealable to the Board. ............................................................................. 4

II.    Following EEO-MB 100-1, the Commission Rejected the Inextricably Intertwined Doctrine As a Basis for the Board's Pendent Jurisdiction. ......... 9

CONCLUSION................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Kloeckner v. Solis*,
 568 U.S. 41(2012) .................................................................................. 1

*Maddox v. Merit Sys. Prot. Bd.*,
 759 F.2d 9 (Fed. Cir. 1985) ................................................................... 6

*McAdams v. Reno*,
 64 F.3d 1137, (8th Cir. 1995) ................................................................ 4

*Nguyen v. Winter*, No. 06cv1226 BEN (JMA),
 2009 U.S. Dist. LEXIS 137948 (S.D. Cal. Apr. 14, 2009) .................... 8

*Scalese v. Babbitt*, No. 98-35524,
 1999 U.S. App. Lexis 26605 (9th Cir. 1999) ........................................ 4

*Sloan v. West*,
 140 F.3d 1255 (9th Cir. 1998) ............................................................... 3

**Statutes**

5 U.S.C. § 2302(b) ........................................................................................ 6

5 U.S.C. § 7512 ................................................................................... 2, 3, 6, 8

5 U.S.C. § 7513(d), .................................................................................. 6, 8

5 U.S.C. § 7702(a)(1) ............................................................................... 6, 8

**Other Authorities**

*Azizi v. Dep't of the Army*,
 2021 MSPB LEXIS 4149 (Dec. 3, 2021) .............................................. 8

*Brokmeier v. Dep't of the Army*,
 2016 MSPB LEXIS 6471 (Nov. 2, 2016) .............................................. 9

*Camacho v. Dep't of the Army*,
 2013 MSPB LEXIS 4957 (Sept. 17, 2013) ............................................ 9

*Complainant v. Dep't of Com.*,
 EEOC Appeal No. 0120181909, 2019 WL 1397652 (Mar. 15, 2019) .............. 13

*Complainant v. Dep't of Veteran Affs.*,
 EEOC Appeal No. 2022002288, 2022 WL 3153835 (July 19, 2022) ............... 12

*Complainant v. Inter-American Found.*,
   EEOC App. No. 0120132968, 2014 EEOPUB LEXIS 55 (Jan. 8, 2014) .... 11, 12

*Eberhart v. Dep't of the Army*,
   2011 MSPB LEXIS 7459 (Dec. 13, 2011) ............................................................ 9

EEOC, Equal Employment Opportunity Management Directive
   for 29 C.F.R. Part 1614 (rev. 2015) ..................................................................... 11

EEOC, Management Bulletin 100-1 (Oct. 24, 2003) ..................................... 2, 9, 10

*Landsteiner v. Dep't of the Army*,
   2009 MSPB LEXIS 5749 (Sept. 1, 2009).............................................................. 9

Lethridge v. U.S. Postal Serv.,
   99 M.S.P.R. 675 (2005) ............................................................................... 5, 6, 8

*O'Hara v. Dep't of the Army*,
   2022 MSPB LEXIS 2406  (June 30, 2022) ........................................................... 8

*Wilson v. Dep't of Veterans Affs.*,
   EEOC App. No. 0120122103, 2012 EEOPUB LEXIS 2765 (Sept. 10, 2012)... 12

*Wren v. Dep't of the Army*,
   2 M.S.P.R. 1 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982). .................................. 6

**Rules**

29 C.F.R. § 1614................................................................................................... 2

29 C.F.R. § 1614.102(b)(3) ................................................................................ 10

9th Cir. R. 36-3(c)................................................................................................ 4

## INTRODUCTION

Pursuant to this Court's order directing the parties to file a supplemental briefing in this matter (Dkt. No. 52), Plaintiff submits the following addressing the meaning and relevance of the EEOC materials attached to Plaintiff's letter of October 19, 2022 (Dkt. No. 51). At issue is whether Plaintiff was required to exhaust, or could even have exhausted, his discrimination claims predating termination of employment before the U.S. Merit Systems Protection Board ("MSPB" or "Board") as a jurisdictional prerequisite to filing a civil action in U.S. district court. This brief examines "the intersection of federal civil rights statutes and civil service law [which] has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workplace." *Kloeckner v. Solis*, 568 U.S. 41, 49 (2012).

The district court's decision that Plaintiff "failed to exhaust his administrative remedies as to his retaliation claim, his race discrimination claim, his sex discrimination claim (to the extent it is distinct from his sexual-orientation claim), and his hostile work environment claim" is incorrect as a matter of law as it improperly assumes MSPB jurisdiction over matters that are not within its statutory authority. 1-ER-23. In its decision, the district court reasoned that once Plaintiff filed the appeal of his termination to the MSPB "[f]rom that point on, everything Plaintiff raised in his EEO complaint," including claims that are not

1

adverse actions within the meaning of 5 U.S.C. § 7512 "were transferred to the MSPB proceeding." *Id.* at 24. This is incorrect.

The district court's misunderstanding is not unique. As noted in Plaintiff's letter of October 19, 2022 (Dkt. No. 51), the Equal Opportunity Employment Commission ("EEOC" or "Commission") issued guidance in an October 14, 2003 directive "[t]o the Heads of Federal Agencies" instructing such agencies, including the Department of the Army, that the EEOC:

> [H]as been notified by the MSPB that [an EEOC directive] improperly advises parties with regard to MSPB procedures and jurisdiction. The referenced Section advises agency representatives to file a motion with an MSPB Administrative Judge to consolidate matters which are not within their jurisdiction with matters which are properly before the MSPB judge. [EEOC Office of Federal Operations] has been advised that this Section, which was introduced in […] 1999 in order to clarify procedures for mixed cases processing and reduce the fragmentation of EEO complaints which may be pending in both the EEOC [hearings process set forth under 29 C.F.R. § 1614 and the MSPB appeal process, is improper procedurally, in that it constitutes a request for an MSPB Judge to hear matters which may not be within the jurisdiction of the MSPB.

EEOC, Management Bulletin 100-1, ¶ 2 (Oct. 24, 2003) ("EEO-MB 100-1")).[1]

---

[1] For a previously produced copy of EEO-MB 100-1, see Dkt. No. 51 at 3–5.

As explained more fully in his opening brief, Plaintiff had no obligation to further exhaust administrative remedies before the Board on his Title VII discrimination claims that were not "adverse actions" within the meaning of the Civil Service Reform Act as "[t]he MSPB does not possess jurisdiction over claims that do not fall into one of the five 'adverse action' categories outlined in 5 U.S.C. § 7512." Opening Br. at 26 (citing *Sloan v. West*, 140 F.3d 1255, 1260 (9th Cir. 1998)). Appellant's position on the issue of administrative exhaustion before the Board is supported by the policy, guidance, and administrative decisions of both the MSPB and the EEOC.

Defendant takes the position that Plaintiff's claims of discrimination predating his termination of employment must have been raised for adjudication with the MSPB and that meeting the exhaustion requirements before the EEOC was somehow insufficient. Answer Br. at 30. In its brief, Defendant asserted that procedurally "the MSPB assumed jurisdiction over the discrimination claims from [Plaintiff's] prior appeal to the MSPB to avoid unnecessary duplication," as if the Board "assumed jurisdiction" over all claims of discrimination. *Id.* at 14. Defendant further argues that "[w]here a plaintiff initially files an EEO complaint relating to matters that eventually culminate in an action appealable to the MSPB, and he subsequently appeals that matter to the MSPB as a mixed case after 120 days, he is required to exhaust all related claims (even those in his initial EEO

3

complaint) in the MSPB before filing a civil action." *Id.* at 31 (citing *McAdams v. Reno*, 64 F.3d 1137, 1141, 43–44 (8th Cir. 1995); *Scalese v. Babbitt*, No. 98-35524, 1999 U.S. App. Lexis 26605, at *3 (9th Cir. 1999). As explained below, Defendant's reliance on *McAdams* (an 8th Circuit decision) and *Scalese*[2] in support of its exhaustion argument is stale as both decisions predate, and are in direct contradiction with the jurisdictional developments of the law before the EEOC and the MSPB.

## ARGUMENT

**I.  In Accordance with EEO-MB 100-1, the MSPB Has Rejected Pendent Jurisdiction Over Claims that Do Not Qualify As Adverse Actions Appealable to the Board.**

The MSPB has never claimed to have any form of pendent jurisdiction over discrimination claims sufficiently related or intertwined to adverse actions over which the Board does have jurisdiction. In fact, consistent with EEO-MB 100-1, the Board's decisions have rejected such pendent jurisdiction.

One such precedential decision is *Lethridge v. U.S. Postal Service*, where, on an interlocutory appeal, the MSPB rejected any form of pendent jurisdiction *sua sponte* in a case where the claim raised issues "not within the Board's jurisdiction"

---

[2] Additionally, *Scalese* is an unpublished disposition of this Court issued before January 1, 2007, and as such, may not be cited except in narrow circumstances not applicable here. 9th Cir. R. 36-3(c).

as "mixed-case complaints." 99 M.S.P.R. 675, ¶ 1 (2005). In its decision, the Board addressed the Commission's issuance of EEO-MB 100-1 as follows: "Further, we note that the EEOC issued a Management Bulletin (EEO-MB 100-1), dated October 24, 2003, that deleted from an EEOC Management Directive language that advised agency representatives to file a motion with Board AJs to accept jurisdiction over non-mixed matters with other matters properly within the jurisdiction of the Board." *Id*. ¶ 11.

In *Lethridge*, the employee challenged to the MSPB his termination from employment for "disability separation." *Id*. ¶ 2. In a separate claim before the EEOC, Lethridge raised allegations of discrimination and retaliation on claims his employing agency failed to provide reasonable accommodation; placed him in a non-pay status prior to his termination; ended a detail assignment; and subjected him to harassing conduct. *Id*. ¶¶ 2–3.

Lethridge initially prevailed on some of his claims before the EEOC administrative judge, but on an appeal to the EEOC's Office of Federal Operations, the Commission reversed, finding that "when appealable and non-appealable matters 'cannot sensibly be bifurcated, the entire case should be referred to the MSPB,'" and that Lethridge's claims of failure to accommodate and placement into a nonpay status "cannot sensibly be disassociated from the termination claim,

5

and that the entire matter must be referred to the MSPB where the termination claim was, and is now, pending." *Id.* ¶ 5.

Upon review of the interlocutory appeal, the Board rejected the Commission's referral of the non-adverse action discrimination claims. *Id.* ¶ 14. In its analysis, the Board foremost noted that it is a tribunal of limited jurisdiction. *See id.* ¶ 7 ("The Board's jurisdiction is not plenary; rather, it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. (citing *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985)))). In analyzing its jurisdiction under the Civil Service Reform Act, the Board noted:

> Under 5 U.S.C. §§ 7512 and 7513(d), the Board has jurisdiction over, among other actions, "a removal." Further, under 5 U.S.C. § 7702(a)(1), in the case of any employee who has been affected by an action which the employee may appeal to the Board, and who alleges that a basis "for the [appealable] action" was prohibited discrimination, the Board shall decide "both the issue of discrimination and the appealable action." Here, despite the Commission's finding that the discrimination claims raised [by Lethridge] must be brought to the attention of the Board, those complaints involve actions, essentially denials of reasonable accommodation at certain times before the agency effected the appellant's removal, that are not appealable to the Board. The Board has long held that 5 U.S.C. § 2302(b), which prohibits discrimination based on, among other things, disability, is not an independent source of Board jurisdiction. *E.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

*Id.* ¶ 8.

The district court's analysis in this case on the question of administrative exhaustion is predicated entirely on the same rationale that was explicitly rejected by the Commission in EEO-MB 100-1 and the Board in *Lethridge*. 1-ER-23–24. The district court stated:

> Plaintiff's allegations regarding a hostile work environment and retaliation are directly related to his claims of disparate treatment culminating in his termination. Indeed Plaintiff's Opposition describes his "simultaneous EEO complaint over his removal" and notes that his EEO complaint alleged discrimination and reprisal "culminating in Plaintiff being issued a Notice of Proposed Removal.
>
> \* \* \*
>
> Plaintiff's earlier EEO complaints and amendments raised race and sex discrimination, hostile work environment, and reprisal in connection with the treatment and investigation of Plaintiff. Then, when the NOPR and Notice of Removal were issued, Plaintiff brought the issue of his removal into his EEO proceedings.

*Id*. at 25–26 (cleaned up). The district court erroneously concluded that because the factual claims are intertwined, Appellant must have litigated these discrimination and retaliation claims that arose prior to termination before the Board. *Id*. at 26, 28 (finding "that the allegations made in Plaintiff's EEO complaint and amendments and then in his MSPB appeal were related and part of a mixed case," and "Plaintiff is not entitled to pursue separate simultaneous proceedings when the claims are all based on related and overlapping incidents.").

7

This type of analysis adopted by the district court was directly rejected by the Board in *Lethridge*. In its holding, the Board emphasized that nothing in 5 U.S.C. §§ 7512, 7513(d), or 7702(a)(1) provided it with jurisdiction to hear discrimination claims that are not directly appealable adverse actions, even when such discrimination claims "are allegedly 'inextricably intertwined,' or 'cannot sensibly be bifurcated,' with otherwise appealable actions." *See Lethridge,* 99 M.S.P.R. ¶ 9 (also noting that the statute "provides that the Board shall decide the issue of discrimination 'and the appealable action,' not issues of discrimination in connection with non-appealable actions.")

The decision in *Lethridge* has been cited favorably by a district court in this circuit. *See Nguyen v. Winter*, No. 06cv1226 BEN (JMA), 2009 U.S. Dist. LEXIS 137948, at *6 (S.D. Cal. Apr. 14, 2009) ("The board's jurisdiction does not extend to non-appealable employment decisions, even if they are 'inextricably intertwined' with an issue properly before the board.") It has also been cited and reaffirmed numerous times in administrative decisions involving Defendant, the Department of the Army. *See, e.g.*, *O'Hara v. Dep't of the Army*, 2022 MSPB LEXIS 2406, at *4 (June 30, 2022) (concluding the Board does not have jurisdiction over allegations of denial of reasonable accommodation); *Azizi v. Dep't of the Army*, 2021 MSPB LEXIS 4149, at *2 (Dec. 3, 2021) ("The Board does not have jurisdiction over proposed disciplinary actions"); *Brokmeier v. Dep't*

*of the Army*, 2016 MSPB LEXIS 6471, at *25 (Nov. 2, 2016) ("The Board does not have jurisdiction over threats of termination); *Camacho v. Dep't of the Army*, 2013 MSPB LEXIS 4957, at *31 (Sept. 17, 2013); *Eberhart v. Dep't of the Army*, 2011 MSPB LEXIS 7459, at *5 (Dec. 13, 2011) (holding the Board does not have jurisdiction over 14-day suspensions or proposed 14-day suspensions); *Landsteiner v. Dep't of the Army*, 2009 MSPB LEXIS 5749, at *11 (Sept. 1, 2009).

## II. Following EEO-MB 100-1, the Commission Rejected the Inextricably Intertwined Doctrine As a Basis for the Board's Pendent Jurisdiction.

EEO-MB 100-1 and the Commission's decision issued thereafter further support Plaintiff's position concerning the MSPB's jurisdictional limitations.

EEO-MB 100-1 deleted language advising parties to "file with the MSPB a motion to consolidate the non-mixed case claim with the mixed case appeal," whenever "a complainant has pending a non-mixed case complaint or a series of non-mixed case complaints and the claims raised in those complaints are inextricably intertwined with an appeal on a claim that is appealable to the MSPB." EEO-MB 100-1, ¶ 9. In a footnote, the EEOC explained the purpose of this deleted advice as follows:

> This provision is specifically meant to address those situations where a series of events, connected in time or type, culminate in an appealable action against a person with standing to appeal to the MSPB. For example: minor discipline, warnings or other claims may form the basis for a non-mixed case, but ultimately lead to suspension in excess of 14 days or termination; similarly, an allegedly

9

> discriminatory performance evaluation and subsequent placement on a performance improvement plan are non-mixed claims that may culminate in denial of a within-grade promotion, or even in removal, both of which are appealable to the MSPB.

*Id*. In other words, the deleted provision was meant to address situations such as Plaintiff's, where a discriminatory investigation and placement on administrative duty ultimately lead to his termination. By issuing EEO-MB 100-1 and deleting such advice, the EEOC recognized that such adverse actions are outside of the MSPB jurisdiction, not matter how "inextricably intertwined with an appeal on a claim that is appealable to the MSPB." *Id.*

The Commission's guidance and decisions on the issue of mixed-case jurisdiction did not cease upon the issuance of EEO-MB 100-1 however. In its August 5, 2015 revisions to Management Directive 110 ("EEOC MD-110"),[3] the Commission instructed:

> The Commission regulations provide for processing discrimination complaints on claims that are otherwise appealable to the MSPB. Two determinations must be made to decide if the mixed case regulations apply. First, the employee must have standing to file such an appeal with the MSPB. <u>Second, the claim that forms the basis of the discrimination complaint must be appealable to the MSPB</u>. For information on who can file and the actions that can be appealed to the MSPB see 5 C.F.R. § 1201.3.

---

[3] Directives from the EEOC to federal agencies, such as the Department of the Army, have authoritative weight on agency operations. 29 C.F.R. § 1614.102(b)(3).

> Note that because the MSPB does not have jurisdiction to hear non-appealable matters, complaints not containing those matters should be processed by the agency under the 1614 process and not mixed with matters that are appealable to the MSPB through amendment, consolidation or held in abeyance.

EEOC, Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, ch. 4, pt. II.B. (rev. 2015) ("EEO-MD-110") (emphasis added).

The Commission further addressed the issue in its decision in *Complainant v. Inter-American Foundation*, a case wherein the employing agency asserted that the employee's claims of being hired at the wrong pay rate, not issued a computer, being denied a request to move her workstation location, issued a letter of caution, and subjected to harassment, were subsumed by her appeal to the MSPB. EEOC App. No. 0120132968, 2014 EEOPUB LEXIS 55, at *2–3 (Jan. 8, 2014). In rejecting the agency's argument, the Commission explained:

> In EEOC Management Directive for 29 C.F.R. Part 1614, Chap. 4, Sec. II.B.4.d (located at pages 4-5, 4-6) (EEO-MD-110) (Nov. 9, 1999), the Commission advised that where a complainant has pending a non-mixed case complaint or a series of non-mixed complaints and the claims in those complaints are inextricably intertwined with an appeal on a claim that is appealable to the MSPB, the agency should file with the MSPB a motion to consolidate the non-mixed case claim with the mixed case appeal. As an example the Commission wrote that an allegedly discriminatory performance evaluation and subsequent placement on a PIP are non-mixed claims that may culminate in a removal, which is appealable to the MSPB. Chap. Sec. II.B.4.d was deleted by the Commission in EEOC Equal Employment Opportunity

11

> Management Bulletin EEO-MB 100-1 (October 24, 2003). The Commission explained that the EEOC's Office of Federal Operations was notified by the MSPB that the deleted language improperly advised parties on MSPB procedures and jurisdiction because it constituted a request for an MSPB Judge to hear matters which may not be within the jurisdiction of the MSPB. <u>The doctrine of inextricably intertwined was effectively overturned because the MSPB generally does not have jurisdiction over non-appealable matters, even if they are connected with appealable matters.</u>

*Id*. at *7 (emphasis added).[4]

Like the MSPB, the EEOC has issued various other decisions reaffirming EEO-MB 100-1 and rejecting the idea that the MSPB has pendent jurisdiction over claims merely because such claims are connected or intertwined with adverse actions over which the Board has jurisdiction. *Complainant v. Dep't of Veteran Affs.*, EEOC Appeal No. 2022002288, 2022 WL 3153835, at *2 (July 19, 2022) ("[A] complainant's hostile work environment claim is usually properly part of an EEO complaint, even if the hostile work environment claim encompasses incidents that are related to the complainant's ultimate removal from employment which is

---

[4] In what is a very narrow, commonsense exception, the Commission has noted that issuance of a notice of proposed termination will merge with the ultimate decision on the proposed action and therefore constitute the same claim in litigation moving forward. *Wilson v. Dep't of Veterans Affs.*, EEOC App. No. 0120122103, 2012 EEOPUB LEXIS 2765, at *6 (Sept. 10, 2012) ("[A] proposed action merges with the decision on an appealable action, i.e., a proposed removal merges into a decision to remove.").

appealable to the MSPB"); *Complainant v. Dep't of Com.*, EEOC Appeal No. 0120181909, 2019 WL 1397652, at *4 (Mar. 15, 2019) ("[T]he Commission has jurisdiction over a complainant's [Performance Improvement Plan] claim, even if [such] claim encompasses information related to Complainant's ultimate removal from employment.").

## CONCLUSION

The district court's decision errs in applying an outdated doctrine that has now been corrected and clarified by multiple forums. Significantly, those very forums whose jurisdictional limitations are implicated in the court's decision have directly addressed this issue contrary to the district court's position. For the foregoing reasons, Plaintiff respectfully requests that this Court reject Defendant's invitation to expand the MSPB's jurisdiction beyond that conferred to the Board by the text of the law and reverse the district court's decision.

Dated: November 4, 2022                   /s/ Mateo Caballero
                                                                MATEO CABALLERO
                                                                Hawaii Bar No. 10081
                                                                mateo@caballero.law
                                                                P.O. Box 235052
                                                               Honolulu, Hawaii 96823
                                                               Telephone: (808) 600-4749

                                                               CABALLERO LAW LLLC

KEVIN L. OWEN
Maryland Attorney ID 0512150020
KOwen@GELawyer.com
1100 Wayne Ave., Suite 900
Silver Spring, MD 20910
Telephone: (301) 608-0880

GILBERT EMPLOYMENT LAW, P.C.

ELBRIDGE W. SMITH
Hawaii Bar No. 2079
shlaw@hawaii.rr.com
ELBRIDGE ZENICHI SMITH
Hawaii Bar No. 10120
shlaw@hawaii.rr.com
745 Fort St Ste 311
Honolulu, HI 96813-3803
Telephone: (808) 523-5050

GILBERT & SMITH LAW FIRM

*Counsel for Plaintiff-Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-15802

I am the attorney or self-represented party.

**This brief contains** | 3,079 | **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

  ○ it is a joint brief submitted by separately represented parties;

  ○ a party or parties are filing a single brief in response to multiple briefs; or

  ○ a party or parties are filing a single brief in response to a longer joint brief.

● complies with the length limit designated by court order dated | 10/21/2022 |.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | /s/ Mateo Caballero       **Date** | 11/04/2022
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                 *Rev. 12/01/2018*