# No. 21-15802

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

STEVEN W. CROWE,

          Plaintiff-Appellant,

v.

CHRISTINE WORMUTH, Secretary of the Army,

          Defendant-Appellee.

On Appeal From the United States District Court
for the District of Hawaii

### DEFENDANT-APPELLEE'S SUPPLEMENTAL BRIEF

CLARE E. CONNORS #7936
  *United States Attorney*
  *District of Hawaii*

EDRIC M. CHING #6697
  *Assistant U.S. Attorney*
  *Room 6-100*
  *PJKK Federal Building*
  *300 Ala Moana Blvd.*
  *Honolulu, Hawaii 96850*
  *Telephone: (808) 541-2850*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ...................................................................................i

I.  SUMMARY OF ARGUMENT ........................................................1

II. ARGUMENT .....................................................................................2

    A.    The 2003 EEO Management Bulletin Is Not Persuasive Because It Is Inconsistent With Rulings Of Other Circuits, Prior EEOC Management Guidance And Rulings By The EEOC. ......................................................................................2

    B.    The District Court Properly Found That The Claims Brought Before The MSPB and EEOC Were Related As These Claims Arose Out Allegations Of Crowe's Misconduct And The Resolution Of These Related Claims Would Require Testimony From Identical Witnesses. ..............................................................................7

    C.    Even if The District Court Erred By Dismissing Crowe's Retaliation Claim, The District Court Would Not Have Jurisdiction Over Plaintiff's Overtime Claim Because Crowe Failed To Exhaust His Administrative Remedies Regarding His Overtime Claim. ..............................................................8

III. CONCLUSION ...............................................................................10

# **TABLE OF AUTHORITIES**

Cases                                                                     Page(s)

*Albemarle Paper Co. v. Moody*,
    422 U.S. 405 (1975)......................................................................................2

*B.K.B. v. Maui Police Dep't*,
    276 F.3d 1091 (9th Cir. 2002)..................................................................8, 9

*Belkis D., Complainant*,
    EEOC DOC 2021000093, 2021 WL 1072293 (Mar. 2, 2021) ................ 4

*Chappell v. Chao*,
    388 F.3d 1373 (11th Cir. 2004)..........................................................2, 5, 6

*E.E.O.C. v. Farmer Bros. Co.*,
    31 F.3d 891 (9th Cir. 1994)......................................................................8, 9

*Gen. Elec. Co. v. Gilbert*,
    429 U.S. 125 (1976).....................................................................................2

*Green v. Los Angeles Cnty. Superintendent of Sch.*,
    883 F.2d 1472 (9th Cir. 1989)......................................................................9

*Lyons v. England*,
    307 F.3d 1092 (9th Cir. 2002)...................................................................8-9

*Maximo S., Complainant*,
    EEOC DOC 2020003877, 2020 WL 6165645 (Oct. 7, 2020) ................. 4

*McAdams v. Reno*,
    64 F.3d 1137 (8th Cir. 1995)........................................................... *passim*

*Miller v. Fairchild Indus., Inc.*,
    797 F.2d 727, 738 (9th Cir. 1986).............................................................1

*Pueschel v. Peters*,
    577 F.3d 558 (4th Cir. 2009)........................................................................5

| Cases | Page(s) |
|---|---|

*Skidmore v. Swift*,
  323 U.S. 134 (1944) .................................................................................. 2, 3

*Sloan v. West*,
  140 F.3d 1255 (9th Cir. 1998) ........................................................................ 5

*Stoll v. Principi*,
  449 F.3d 263 (1st Cir. 2006) .......................................................................... 5

*Venetta S., Complainant*,
  EEOC DOC 2020000414, 2020 WL 5994724 (Sept. 9, 2020) ................. 4

*Williams v. Dep't of Army*,
  715 F.2d 1485 (Fed. Cir. 1983) ..................................................................... 6

Statutes

5 U.S.C. § 7702 .................................................................................................. 5

42 U.S.C. § 2000e–5(b) ..................................................................................... 9

Regulations

29 C.F.R. § 1614.107(a)(4) ............................................................................... 4

29 C.F.R. § 1614.302 ........................................................................................ 5

I.  **SUMMARY OF ARGUMENT**

This Court should affirm the district court's dismissal of Crowe's retaliation claim. Having chosen to present *some* of his discrimination claims to the Merit Systems Protection Board (MSPB), Crowe was required to present *all* claims that arose out of the same set of facts to the MSPB: allegations regarding Crowe's misconduct, the investigation into Crowe's misconduct and his ultimate removal. Because Crowe did not present his retaliation claim to the MSPB, he failed to exhaust that claim.

At oral argument, during his rebuttal, Crowe for the first time sought to rely on a 2003 EEO Management Bulletin. This Court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief," *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986), and there is no reason to depart from that practice here. In any event, the 2003 EEO Management Bulletin possesses minimal persuasive value and is inconsistent with rulings from other circuits and the EEOC itself, all of which provide that a plaintiff who fails to bring all claims related to his/her termination before the MSPB abandons those unraised claims.

1

## II.  ARGUMENT

### A. The 2003 EEO Management Bulletin Is Not Persuasive Because It Is Inconsistent With Rulings Of Other Circuits, Prior EEOC Management Guidance And Rulings By The EEOC.

The Court should follow the Eighth Circuit's and Eleventh Circuit's guidance in *McAdams v. Reno*, 64 F.3d 1137, 1142–43 (8th Cir. 1995) and *Chappell v. Chao*, 388 F.3d 1373, 1377 (11th Cir. 2004), respectively, that an employee waives discrimination claims by failing to litigate these claims in one forum when the claims brought in separate forums are related or based on similar issues and facts.

There is no formal EEOC rule or regulation to the contrary. Indeed, Congress, in enacting Title VII, did not confer upon the EEOC authority to promulgate rules or regulations pursuant to that Title. *Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 141 (1976) citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 431 (1975).  EEOC does have the authority to promulgate guidelines, and while those guidelines can be considered by the Court, they are not controlling on the Court.  *Gilbert*, 429 U.S. at 141-42; *Skidmore v. Swift*, 323 U.S. 134, 140 (1944).  The Court may afford less weight to guidelines than to administrative regulations.  *Gilbert*, 429 U.S. at 141.  The weight of such a judgment in

2

a particular case will depend upon the thoroughness evident in its consideration, and the validity of it reasoning, its consistency with earlier and later pronouncements and all those factors which give it power to persuade, if lacking power to control. *Skidmore*, 323 U.S. at 140.

Under these standards, the 2003 EEO Management Bulletin should be afforded minimal weight. First, the 2003 EEO Management Bulletin is inconsistent with the earlier management directive that advised agency representatives to file a motion to consolidate related matters which are not within the jurisdiction of the MSPB with matters properly before the MSPB Judge. This inconsistency weighs in favor of affording minimal weight to the 2003 EEO Management Bulletin.

Second, the 2003 Management Bulletin was contrary to existing case law (although there is no controlling case law in the Ninth Circuit in this matter), i.e., *McAdams*, 64 F.3d at 1142–1143.[1] The Eighth

---

[1] Although Crowe cites the *Complainant v. Inter-American Foundation* case for the proposition that the MSPB does not have jurisdiction over related non-appealable matters (DktEntry: 51, Appellant Letter dated Oct. 19, 2022 at p. 2), very recent subsequent EEOC cases are consistent with *McAdams* as they held that the MSPB possessed jurisdiction over discrimination claims intertwined with the removal

*Continued on next page.*

Circuit's opinion in *McAdams* was clearly the result of more thorough consideration than the management directive contained in the 2003 EEO Management Bulletin. The *McAdams* case involved an adversarial proceeding and the abandonment issue was briefed and argued before the district court and the Eight Circuit. The 2003 EEO Management Bulletin, on the other hand, was issued by an agency without the benefit of an adversarial proceeding. Based on the

---

decision. *See, e.g.*, *Belkis D., Complainant*, EEOC DOC 2021000093, 2021 WL 1072293, at *1–2 (Mar. 2, 2021) ("Additionally, 29 C.F.R. § 1614.107(a)(4) allows for the dismissal of complaints where a Complainant has raised the same matter in an appeal to the MSPB and has indicated that she has elected to pursue the non-EEO process"; "We find that the claims in the instant EEO complaint are inextricably intertwined with her MSPB appeal where her discrimination claims have already been adjudicated"); *Maximo S., Complainant*, EEOC DOC 2020003877, 2020 WL 6165645, at *2 (Oct. 7, 2020) ("Here, it is clear that the MSPB, by necessity, addressed the same issues that were raised in the instant EEO complaint because these issues were inextricably intertwined with the removal decision being reviewed by the Board"; "To the extent that Complainant argues on appeal that he did not raise his affirmative defenses (discrimination claims) with the MSPB, that argument fails because he could have raised them, but chose not to"); *Venetta S., Complainant*, EEOC DOC 2020000414, 2020 WL 5994724, at *2 (Sept. 9, 2020) ("Therein, the MSPB Administrative Judge addressed Complainant's termination (claims 2, 4, 5 and 6 of his subsequent EEO complaint), as well as issues inextricably intertwined with the termination -- the reasonable accommodation issue (claim 3) and the letter of counseling (claim 1). As such, we find that the entire complaint must be dismissed as having been pursued before the MSPB.")

foregoing, the Eighth Circuit's holding in *McAdams* is more persuasive authority than the 2003 EEO Management Bulletin.

Third, the Eleventh Circuit set forth guidance consistent with *McAdams* in 2004 (after the issuance of the 2003 EEO Management Bulletin) when it stated that:

> "Although the MSPB does not have jurisdiction over discrimination claims that are not related to adverse actions, it can entertain appeals in 'mixed cases' where an employee alleges a Title VII violation in relation to one of the specified adverse employment actions."

*Chappell*, 388 F.3d at 1375 (citing 5 U.S.C. § 7702; 29 C.F.R. § 1614.302 and *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998)).

Fourth, the 2003 EEO Management Bulletin is not based on valid reasoning as various circuits have recognized the importance of adjudicating related claims in one forum due to judicial economy and to avoid inconsistent results. *See Chappell*, 388 F.3d at 1377; *McAdams*, 64 F.3d at 1142–43; *Stoll v. Principi*, 449 F.3d 263, 266-67 (1st Cir. 2006); *Pueschel v. Peters*, 577 F.3d 558, 563 (4th Cir. 2009).

In *Chappell*, the plaintiff raised termination claims and related discrimination claims and the Eleventh Circuit, as referenced above, held that all of these claims could have been brought before the MSPB.

5

*Id.* at 1379. The plaintiff filed suit in the Federal Circuit challenging his removal and raised discrimination claims and also brought a district court action raising related discrimination claims. *Id.* The Eleventh Circuit noted that Congress did not direct or contemplate bifurcated review of any mixed case. *Chappell*, 388 F.3d at 1378 citing *Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983). The Eleventh Circuit noted that "because all of the claims could have been brought together, the claims should have been brought together before to district court" and the plaintiff waived the discrimination claims by filing suit in the Federal Circuit. *Chappell*, 388 F.3d at 1378. The holding in *Chappell* applies with equal force here because Crowe failed to raise retaliation claims related to his termination before the MSPB and this failure constituted an abandonment of these claims.

    Based on the foregoing, the Army respectfully urges the Court to find that the 2003 EEO Management Bulletin possesses less persuasive value than the holdings of the Eighth and Eleventh Circuits, and affirm the dismissal of Crowe's retaliation claim.

**B.    The District Court Properly Found That The Claims Brought Before The MSPB and EEOC Were Related As These Claims Arose Out Allegations Of Crowe's Misconduct And The Resolution Of These Related Claims Would Require Testimony From Identical Witnesses.**

The claims raised by Crowe before the EEOC and the MSPB are clearly related and intertwined because these claims arise out of allegations of Crowe's misconduct, the resulting investigation and the decision to remove Crowe.  In this case, the issues accepted for investigation by the EEOC based on Crowe's sex, race and reprisal were 1) the Notice of Proposed Removal issued on November 4, 2016, 2) being assigned to administrative duties on May 12, 2016, 3) having his authority removed and being informed that he was being investigated on May 12, 2016 and 4) Captain Ballesteros assigning Officer Oda to conduct the investigation of Crowe on May 12, 2016.  ER 282.

Crowe's discrimination claim before the MSPB arose out of whether the actions of Officer Oda, Captain Ballesteros and DPM Ingebredtsen were motivated by Crowe's sexual orientation.  Thus, the claims raised before the EEO and the MSPB arose out of the same set of facts:  certain allegations being made against Crowe, the investigation controlled by Captain Ballesteros (which included placing Crowe on

7

administrative duties, ordering Officer Oda to interview certain witnesses and providing Officer Oda to ask specific questions to certain witnesses) and the decision to remove Crowe. Further, the witnesses for each set of claims were identical: Officer Oda, Captain Ballesteros, DPM Ingebredtsen, Sewell, Ah Lee Sam, Garcia and Crowe.

Based on the foregoing, the Army respectfully urges the Court to find that Crowe's claims brought before the EEOC and MSPB were related and Crowe was required to bring all related claims related to his MSPB case before the MSPB.

> **C. Even if The District Court Erred By Dismissing Crowe's Retaliation Claim, The District Court Would Not Have Jurisdiction Over Plaintiff's Overtime Claim Because Crowe Failed To Exhaust His Administrative Remedies Regarding His Overtime Claim.**

To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking federal court adjudication of a Title VII claim. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). "Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate

8

the charge." *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (citing 42 U.S.C. § 2000e–5(b) and *B.K.B.*, 276 F.3d at 1099).

"Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (internal quotation marks omitted). The district court has jurisdiction only if claims before it "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Farmer Bros.*, 31 F.3d at 899 (internal quotation marks and citation omitted) (emphasis in original).

In this case, the issues accepted for investigation by the EEOC based on Crowe's sex, race and reprisal did not include the issue of Crowe being denied overtime. Accordingly, the district court did not have jurisdiction over the overtime claim because Crowe failed to exhaust his administrative remedies as to that claim.

/ /

/ /

### III. CONCLUSION

For all the foregoing reasons, the Army respectfully requests that this Court follow the holdings of the Eighth Circuit and the Eleventh Circuit rather than the 2003 EEO Management Bulletin, and find that Crowe failed to exhaust his administrative remedies as to his retaliation claim. The Army requests that the Court affirm the dismissal of Crowe's retaliation claim and affirm the judgment in favor of the Army.

Respectfully submitted,

CLARE E. CONNORS
  *United States Attorney*

 *s/ Edric M. Ching*
EDRIC M. CHING
  *Assistant U.S. Attorneys*
  *Room 6100*
  *PJKK Federal Building*
  *300 Ala Moana Blvd.*
  *Honolulu, Hawaii  96850*

  *Telephone:  (808) 541-2850*
  Edric.Ching@usdoj.gov

NOVEMBER 4, 2022, Honolulu, Hawaii.

10

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-15802

I am the attorney or self-represented party.

**This brief contains** | 1,967 | words, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

   ○ it is a joint brief submitted by separately represented parties;
   ○ a party or parties are filing a single brief in response to multiple briefs; or
   ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated _____.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Edric M. Ching    **Date** | Nov 4, 2022

(use "s/[typed name]" to sign electronically-filed documents)

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                    *Rev. 12/01/2018*