NO. 21-15802

BRIEF FOR AMICUS MERIT SYSTEMS PROTECTION BOARD IN SUPPORT OF PETITIONER

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

STEVEN W. CROWE,

Plaintiff-Appellant,

v.

CHRISTINE WORMUTH, SECRETARY OF THE ARMY,

Defendant-Appellee.

PETITION FOR REVIEW OF A DECISION OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII IN NO.
1:18-CV-00288

Respectfully submitted,

ALLISON J. BOYLE
General Counsel

KATHERINE M. SMITH
Deputy General Counsel

STEPHEN W. FUNG
Attorney
Office of the General Counsel
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419-0002
(202) 254-4483

DATE:  November 18, 2022

## STATEMENT PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 29(A)(4)

The Merit Systems Protection Board ("MSPB" or "Board") submits this amicus brief pursuant to its independent litigating authority under 5 U.S.C. § 1204(i) to aid the Court in determining the proper requirements for exhaustion of administrative remedies with respect to discrimination claims not appealable by statute to MSPB.

On October 14, 2022, oral argument was held in this matter, during which counsel for the petitioner referenced a 2003 document issued by the Equal Employment Opportunity Commission ("EEOC" or "Commission"), Management Bulletin 100-1 ("MB 100-1"), in which the EEOC rescinded prior guidance to Federal agencies that had directed agencies to seek to have claims of discrimination involving personnel actions not otherwise appealable to MSPB consolidated with MSPB appeals involving related personnel actions that are within the MSPB's statutory jurisdiction.

On October 21, 2022, this Court ordered the parties to file supplemental briefs addressing the meaning of EEOC's MB 100-1 document. MSPB sought and was granted leave to file an amicus brief, and now submits this brief to explain its jurisdiction over these types of claims. MSPB believes that parties should not be required to bring claims before the MSPB that do not fall within its statutory

i

jurisdiction in order to exhaust those claims for further proceedings before an Article III court, even if the non-appealable claims relate to claims separately appealable to MSPB.

# **TABLE OF CONTENTS**

STATEMENT PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 29(a)(4) .................................................................................. i

TABLE OF AUTHORITIES ........................................................................ v

JURISDICTIONAL STATEMENT ............................................................. viiii

STATEMENT OF THE ISSUE .................................................................... 1

ADDENDUM OF PERTINENT STATUTES .............................................. 2

STATEMENT OF THE CASE .................................................................... 17

    I.    Nature of the Case ................................................................... 17

    II.    Statement of Facts and Disposition Below ............................. 17

SUMMARY OF ARGUMENT .................................................................... 19

ARGUMENT ............................................................................................... 20

    I.    Background ............................................................................... 20

        A.    Overview Of The MSPB And The EEOC ....................... 20

        B.    Claims Adjudicated By The MSPB Are Limited To Specific  Enumerated Adverse Employment Actions ...... 21

        C.    Employees Alleging Discrimination In Connection With An Adverse Employment Action *Not* Appealable to the MSPB, *Must* Submit Their Complaint To The EEOC ............................................... 24

        D.    An Employee Alleging Discrimination Related

To An Action Appealable to MSPB – A Mixed Case –
May Be Heard By the EEOC, MSPB, And/Or District
Court ............................................................................. 25

II.    MSPB Lacked Jurisdiction Over All Of Mr. Crowe's Personnel
       Actions Other Than His Removal ........................................... 28

       A.    MSPB Will Not Decide Non-Appealable Actions
             "Inextricably Intertwined" With Appealable Actions ...... 28

       B.    The MSPB Lacks Jurisdiction Over Mr. Crowe's Non-
             Appealable Personnel Actions ........................................ 31

CONCLUSION ........................................................................ 33

STATEMENT OF RELATED CASES ....................................... 35

STATEMENT WITH RESPECT TO ORAL ARGUMENT ........................ 35

## TABLE OF AUTHORITIES

**Cases**

*Bailey-Moore v. Department of the Navy*, 2016 WL 308708, ¶ 17
(M.S.P.B. Jan. 22, 2016) ........................................................................ 32

*Gottlieb v. Department of Labor*, 2016 WL 3541240, ¶ 10
(M.S.P.B. June 29, 2016) ...................................................................... 32

*Grant v. Mnuchin*, 373 F. Supp. 3d 286, 294 (D.D.C. 2019) ...................... 23

*Lethridge v. United States Postal Service*, 99 M.S.P.R. 675, 677
(2005) ...................................................................................... 29, 30, 31

*Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10
(Fed. Cir. 1985) .................................................................................... 21

*McDermott v. United States Postal Service*, 2015 WL 5943662, ¶ 28
(M.S.P.B. Oct. 13, 2015) ...................................................................... 32

*McKart v. United States*, 395 U.S. 185, 193-94 (1969) ............................. 32

*Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) ........... 21

*Royal-Bird v. Department of Defense*, 2016 WL 7439567, ¶ 6
(M.S.P.B. Dec. 20, 2016) ...................................................................... 32

*Sarratt v. United States Postal Service*, 2015 WL 456397, ¶ 8
(M.S.P.B. Feb. 3, 2015) ........................................................................ 32

*United States v. Fausto*, 484 U.S. 439, 455 (1988) .................................... 20

*U.S. Postal Service v. Gregory,* 534 U.S. 1, 6 (2001) ................................. 23

*Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1327-28
(Fed. Cir. 2020) .................................................................................... 22

**Statutes**

42 U.S.C. § 2000e-16(a) .............................................................................. 24

42 U.S.C. § 2000e-16(c) .............................................................................. 25

v

5 U.S.C. § 1204(a) ........................................................ 21

5 U.S.C. § 7512 ............................................................ 21

5 U.S.C. § 7702 ...................................................... 23, 27

5 U.S.C. § 7702(a)(1) ............................................... 23, 26

5 U.S.C. § 7702(b) ....................................................... 26

5 U.S.C. § 7702(d) ....................................................... 26

5 U.S.C. § 7703(b) .................................................. 22, 23

5 U.S.C. § 7703(b)(1)(B) .............................................. 23

Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, *codified at* 5 U.S.C. § 1101, *et seq* ..................................... 20

Pub. L. No.  88-352, § 705(a), *codified at* 42 U.S.C. § 2000e-4 ................. 21

**Other Authorities**

EEOC, Management Bulletin 100-1, ¶ 2 (Oct. 24, 2003) ............ i, 28, 29, 30

S.Rep. 95-969 ...................................................... 30, 33

**Regulations**

29 C.F.R. § 1614.105 ..................................................... 24

29 C.F.R. § 1614.106 ..................................................... 24

29 C.F.R. § 1614.108 ..................................................... 24

29 C.F.R. § 1614.109 ..................................................... 24

29 C.F.R. § 1614.110 ..................................................... 24

29 C.F.R. § 1614.302 ................................................ 25, 26, 31

29 C.F.R. § 1614.401 ..................................................... 24

29 C.F.R. § 1614.407 ..................................................... 25

5 C.F.R. § 1201.111 ...................................................... 22

5 C.F.R. § 1201.113 ...................................................... 22

5 C.F.R. § 1201.114 ...................................................... 22

5 C.F.R. § 1201.117 ...................................................................... 22

## JURISDICTIONAL STATEMENT

The amicus agrees with the parties' statements regarding this Court's jurisdiction to review the decision of the district court below. For the reasons stated below, the amicus disagrees with any implication from the district court's ruling below that MSPB had jurisdiction to review claims of discrimination in connection with matters outside of MSPB's statutory jurisdiction.

NO. 21-15802

BRIEF FOR AMICUS MERIT SYSTEMS PROTECTION BOARD IN
SUPPORT OF PETITIONER

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

STEVEN W. CROWE,

Plaintiff-Appellant,

v.

CHRISTINE WORMUTH, SECRETARY OF THE ARMY,

Defendant-Appellee.

PETITION FOR REVIEW OF A DECISION OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF HAWAII IN NO. 1:18-CV-00288

## STATEMENT OF THE ISSUE

Whether petitioner having discrimination claims appealable to the

Merit Systems Protection Board ("MSPB" or "Board") and related

discrimination claims appealable to the Equal Employment Opportunity

Commission ("EEOC"), but *not* to MSPB, was required to appeal to MSPB

the personnel actions not otherwise appealable to the Board, in order to

administratively exhaust his claims for those actions.

# ADDENDUM OF PERTINENT STATUTES

**5 U.S.C. § 7512:**

This subchapter applies to--

**(1)** a removal;

**(2)** a suspension for more than 14 days;

**(3)** a reduction in grade;

**(4)** a reduction in pay; and

**(5)** a furlough of 30 days or less;

but does not apply to--

**(A)** a suspension or removal under section 7532 of this title,

**(B)** a reduction-in-force action under section 3502 of this title,

**(C)** the reduction in grade of a supervisor or manager who has not completed

the probationary period under section 3321(a)(2) of this title if such

reduction is to the grade held immediately before becoming such a

supervisor or manager,

**(D)** a reduction in grade or removal under section 4303 of this title,

**(E)** an action initiated under section 1215 or 7521 of this title, or

**(F)** a suitability action taken by the Office under regulations prescribed by the Office, subject to the rules prescribed by the President under this title for the administration of the competitive service.

**5 U.S.C. § 7701(a):**

**(a)** An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation. An appellant shall have the right--

> **(1)** to a hearing for which a transcript will be kept; and
>
> **(2)** to be represented by an attorney or other representative.
>
> Appeals shall be processed in accordance with regulations prescribed by the Board.

**5 U.S.C. § 7702:**

**(a)(1)** Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who--

> **(A)** has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and

**(B)** alleges that a basis for the action was discrimination prohibited by--

> **(i)** section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
>
> **(ii)** section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
>
> **(iii)** section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
>
> **(iv)** sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
>
> **(v)** any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,

the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.

**(2)** In any matter before an agency which involves--

**(A)** any action described in paragraph (1)(A) of this subsection; and

**(B)** any issue of discrimination prohibited under any provision of law described in paragraph (1)(B) of this subsection;

the agency shall resolve such matter within 120 days. The decision of the agency in any such matter shall be a judicially reviewable action unless the employee appeals the matter to the Board under paragraph (1) of this subsection.

**(3)** Any decision of the Board under paragraph (1) of this subsection shall be a judicially reviewable action as of--

**(A)** the date of issuance of the decision if the employee or applicant does not file a petition with the Equal Employment Opportunity Commission under subsection (b)(1) of this section, or

**(B)** the date the Commission determines not to consider the decision under subsection (b)(2) of this section.

**(b)(1)** An employee or applicant may, within 30 days after notice of the decision of the Board under subsection (a)(1) of this section, petition the Commission to consider the decision.

**(2)** The Commission shall, within 30 days after the date of the petition, determine whether to consider the decision. A determination of the Commission not to

consider the decision may not be used as evidence with respect to any issue of discrimination in any judicial proceeding concerning that issue.

**(3)** If the Commission makes a determination to consider the decision, the Commission shall, within 60 days after the date of the determination, consider the entire record of the proceedings of the Board and, on the basis of the evidentiary record before the Board, as supplemented under paragraph (4) of this subsection, either--

> **(A)** concur in the decision of the Board; or

> **(B)** issue in writing another decision which differs from the decision of the Board to the extent that the Commission finds that, as a matter of law--

>> **(i)** the decision of the Board constitutes an incorrect interpretation of any provision of any law, rule, regulation, or policy directive referred to in subsection (a)(1)(B) of this section, or

>> **(ii)** the decision involving such provision is not supported by the evidence in the record as a whole.

**(4)** In considering any decision of the Board under this subsection, the Commission may refer the case to the Board, or provide on its own, for the taking (within such period as permits the Commission to make a decision within the 60-day period

prescribed under this subsection) of additional evidence to the extent it considers necessary to supplement the record.

**(5)(A)** If the Commission concurs pursuant to paragraph (3)(A) of this subsection in the decision of the Board, the decision of the Board shall be a judicially reviewable action.

**(B)** If the Commission issues any decision under paragraph (3)(B) of this subsection, the Commission shall immediately refer the matter to the Board.

**(c)** Within 30 days after receipt by the Board of the decision of the Commission under subsection (b)(5)(B) of this section, the Board shall consider the decision and--

> **(1)** concur and adopt in whole the decision of the Commission; or
>
> **(2)** to the extent that the Board finds that, as a matter of law, (A) the Commission decision constitutes an incorrect interpretation of any provision of any civil service law, rule, regulation or policy directive, or (B) the Commission decision involving such provision is not supported by the evidence in the record as a whole--
>
> > **(i)** reaffirm the initial decision of the Board; or
> >
> > **(ii)** reaffirm the initial decision of the Board with such revisions as it determines appropriate.

If the Board takes the action provided under paragraph (1), the

decision of the Board shall be a judicially reviewable action.

**(d)(1)** If the Board takes any action under subsection (c)(2) of this section, the

matter shall be immediately certified to a special panel described in paragraph (6)

of this subsection. Upon certification, the Board shall, within 5 days (excluding

Saturdays, Sundays, and holidays), transmit to the special panel the administrative

record in the proceeding, including--

> **(A)** the factual record compiled under this section,

> **(B)** the decisions issued by the Board and the Commission under this

> section, and

> **(C)** any transcript of oral arguments made, or legal briefs filed, before

> the Board or the Commission.

**(2)(A)** The special panel shall, within 45 days after a matter has been certified to it,

review the administrative record transmitted to it and, on the basis of the record,

decide the issues in dispute and issue a final decision which shall be a judicially

reviewable action.

**(B)** The special panel shall give due deference to the respective expertise of the

Board and Commission in making its decision.

**(3)** The special panel shall refer its decision under paragraph (2) of this subsection to the Board and the Board shall order any agency to take any action appropriate to carry out the decision.

**(4)** The special panel shall permit the employee or applicant who brought the complaint and the employing agency to appear before the panel to present oral arguments and to present written arguments with respect to the matter.

**(5)** Upon application by the employee or applicant, the Commission may issue such interim relief as it determines appropriate to mitigate any exceptional hardship the employee or applicant might otherwise incur as a result of the certification of any matter under this subsection, except that the Commission may not stay, or order any agency to review on an interim basis, the action referred to in subsection (a)(1) of this section.

**(6)(A)** Each time the Board takes any action under subsection (c)(2) of this section, a special panel shall be convened which shall consist of--

> **(i)** an individual appointed by the President, by and with the advice and consent of the Senate, to serve for a term of 6 years as chairman of the special panel each time it is convened;

> **(ii)** one member of the Board designated by the Chairman of the Board each time a panel is convened; and

**(iii)** one member of the Commission designated by the Chairman of the Commission each time a panel is convened.

The chairman of the special panel may be removed by the President only for inefficiency, neglect of duty, or malfeasance in office.

**(B)** The chairman is entitled to pay at a rate equal to the maximum annual rate of basic pay payable under the General Schedule for each day he is engaged in the performance of official business on the work of the special panel.

**(C)** The Board and the Commission shall provide such administrative assistance to the special panel as may be necessary and, to the extent practicable, shall equally divide the costs of providing the administrative assistance.

**(e)(1)** Notwithstanding any other provision of law, if at any time after--

**(A)** the 120th day following the filing of any matter described in subsection (a)(2) of this section with an agency, there is no judicially reviewable action under this section or an appeal under paragraph (2) of this subsection;

**(B)** the 120th day following the filing of an appeal with the Board under subsection (a)(1) of this section, there is no judicially reviewable action (unless such action is not as the result of the filing of a petition by the employee under subsection (b)(1) of this section); or

10

**(C)** the 180th day following the filing of a petition with the Equal

Employment Opportunity Commission under subsection (b)(1) of this

section, there is no final agency action under subsection (b), (c), or (d)

of this section;

an employee shall be entitled to file a civil action to the same extent

and in the same manner as provided in section 717(c) of the Civil

Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age

Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), or

section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C.

216(b)).

**(2)** If, at any time after the 120th day following the filing of any matter described

in subsection (a)(2) of this section with an agency, there is no judicially reviewable

action, the employee may appeal the matter to the Board under subsection (a)(1) of

this section.

**(3)** Nothing in this section shall be construed to affect the right to trial de novo

under any provision of law described in subsection (a)(1) of this section after a

judicially reviewable action, including the decision of an agency under subsection

(a)(2) of this section.

**(f)** In any case in which an employee is required to file any action, appeal, or

petition under this section and the employee timely files the action, appeal, or

petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency.

**5 U.S.C. § 7703:**

**(a)(1)** Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

**(2)** The Board shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision on the merits on the underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking the personnel action shall be the respondent.

**(b)(1)(A)** Except as provided in subparagraph (B) and paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board.

**(B)** A petition to review a final order or final decision of the Board that raises no challenge to the Board's disposition of allegations of a prohibited personnel

practice described in section 2302(b) other than practices described in section

2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D) shall be filed in the United States

Court of Appeals for the Federal Circuit or any court of appeals of competent

jurisdiction. Notwithstanding any other provision of law, any petition for review

shall be filed within 60 days after the Board issues notice of the final order or

decision of the Board.

**(2)** Cases of discrimination subject to the provisions of section 7702 of this title

shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C.

2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967

(29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as

amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of

law, any such case filed under any such section must be filed within 30 days after

the date the individual filing the case received notice of the judicially reviewable

action under such section 7702.

**(c)** In any case filed in the United States Court of Appeals for the Federal Circuit,

the court shall review the record and hold unlawful and set aside any agency

action, findings, or conclusions found to be--

> **(1)** arbitrary, capricious, an abuse of discretion, or otherwise not in
>
> accordance with law;

**(2)** obtained without procedures required by law, rule, or regulation having been followed; or

**(3)** unsupported by substantial evidence;

except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

**(d)(1)** Except as provided under paragraph (2), this paragraph shall apply to any review obtained by the Director of the Office of Personnel Management. The Director may obtain review of any final order or decision of the Board by filing, within 60 days after the Board issues notice of the final order or decision of the Board, a petition for judicial review in the United States Court of Appeals for the Federal Circuit if the Director determines, in the discretion of the Director, that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive. If the Director did not intervene in a matter before the Board, the Director may not petition for review of a Board decision under this section unless the Director first petitions the Board for a reconsideration of its decision, and such petition is denied. In addition to the named respondent, the Board and all other parties to the proceedings before the Board shall have the right to appear in the proceeding before the Court of Appeals.

14

The granting of the petition for judicial review shall be at the discretion of the Court of Appeals.

**(2)** This paragraph shall apply to any review obtained by the Director of the Office of Personnel Management that raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D). The Director may obtain review of any final order or decision of the Board by filing, within 60 days after the Board issues notice of the final order or decision of the Board, a petition for judicial review in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction if the Director determines, in the discretion of the Director, that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive. If the Director did not intervene in a matter before the Board, the Director may not petition for review of a Board decision under this section unless the Director first petitions the Board for a reconsideration of its decision, and such petition is denied. In addition to the named respondent, the Board and all other parties to the proceedings before the Board shall have the right to appear in the proceeding before the court of

appeals. The granting of the petition for judicial review shall be at the discretion of the court of appeals.

## STATEMENT OF THE CASE

### I.     Nature of the Case

The plaintiff, Steven Crowe, seeks review of a decision of the United States District Court for the District of Hawaii, which affirmed an MSPB decision sustaining Mr. Crowe's removal from the Department of the Army ("Army"). 1-ER-65-104.  The District Court dismissed Mr. Crowe's remaining discrimination claims because they were presented to EEOC but not to MSPB.  1-ER-3-64.

### II.    Statement of Facts and Disposition Below

On August 15, 2016, Mr. Crowe filed a discrimination complaint with EEOC alleging sex, sexual orientation, and race discrimination in connection with the following workplace-related complaints: reassignment of his duties, placement on administrative duty, and being subjected to an investigation.  2-ER-256-280.

On December 6, 2017, Mr. Crowe separately appealed to MSPB his removal from employment.  5-ER-864-869.  Mr. Crowe alleged that his removal was due to his sex, sexual orientation, race, and prior reports of discrimination.  5-ER-869.  An MSPB administrative judge issued a decision affirming the Army's removal of Mr. Crowe, and denying Mr. Crowe's discrimination claims related to his removal.  1-ER-65-102.

17

On July 27, 2018, Mr. Crowe filed a complaint with the U.S. District Court of Hawaii, in which he appealed MSPB's decision respecting his removal. 2-ER-381-390. Mr. Crowe also alleged separate claims of discrimination and retaliation in connection with the non-removal events contained within his prior EEOC complaint, which was still pending with EEOC at the time he filed his district court complaint. 2-ER-381-390. The Army moved to dismiss Mr. Crowe's discrimination claims other than his removal claim for lack of subject matter jurisdiction, arguing that even though Mr. Crowe pursued these claims before EEOC, and they were not within MSPB's jurisdiction, he was required to exhaust them before MSPB. D. Ct. Dkt. No. 55.

On March 2, 2021, the district court affirmed MSPB's removal decision and dismissed Mr. Crowe's claims of discrimination regarding the non-removal personnel actions for lack of subject matter jurisdiction. 1-ER-3-64. The court held that Mr. Crowe failed to administratively exhaust his non-removal discrimination claims by not first litigating them at MSPB. 1-ER-20-29.

Mr. Crowe appealed to this Court. Dkt. No. 1. At oral argument, Mr. Crowe discussed guidance from EEOC regarding exhaustion of discrimination claims not within MSPB's statutory jurisdiction. Dkt. Nos.

18

48, 50. The Court ordered Mr. Crowe to submit the referenced guidance, which Mr. Crowe did. Dkt. Nos. 49, 51. The Court subsequently ordered the parties to file supplemental briefs and granted MSPB leave to file an amicus brief. Dkt. Nos. 52, 62.

## SUMMARY OF ARGUMENT

This case is about the intersection of the EEOC's adjudication of claims of illegal discrimination in Federal employment, and MSPB's jurisdiction of Federal employees' appeals of a limited set of adverse employment actions. The district court's holding that Mr. Crowe should have transferred certain discrimination claims previously submitted to the EEOC, suggests an administrative path which had he followed, conflicts with well-established MSPB caselaw and statutory interpretation, and would only result in the MSPB dismissing those claims for lack of jurisdiction.

The MSPB has jurisdiction over "mixed cases," which are cases that involve an MSPB appealable action like a removal, and a related discrimination claim. The MSPB does *not* have jurisdiction over cases involving a non-appealable action such as a proposed removal. That fact is well established by MSPB's statutory authority and caselaw. In turn, MSPB also does not have jurisdiction over discrimination claims *related* to non-appealable employment actions. The EEOC, however, may preside over a

discrimination claim related to an action not otherwise appealable to MSPB, which makes it appropriate that Mr. Crowe submitted such a claim to EEOC and not MSPB.

To suggest that the petitioner should have followed through with the administrative exhaustion path contemplated by the district court – one that ultimately would have led to his claims being dismissed by the MSPB without being adjudicated on the merits – thwarts the purpose of the administrative exhaustion requirement.

## **ARGUMENT**

### I. **Background**

#### A. **Overview Of The MSPB And The EEOC**

In 1978, Congress passed the Civil Service Reform Act ("CSRA" or "Act"), a "comprehensive system for reviewing personnel action[s] taken against federal employees." Pub. L. No. 95-454, *codified at* 5 U.S.C. § 1101, *et seq*.; *United States v. Fausto*, 484 U.S. 439, 455 (1988). The Act created a structure by which two separate agencies, each with differing expertise in separate subject matters, would be able to review employment claims brought by Federal employees. One of these agencies, the EEOC, already existed, having been created by Congress through the Civil Rights Act of 1964. Pub. L. No. 88-352, § 705(a), *codified at* 42 U.S.C. § 2000e-

4.  The Act created the MSPB to, among other functions, adjudicate claims by Federal employees who believe they have been wrongfully subjected to an adverse personnel action.  5 U.S.C. § 1204(a).

### B.  Claims Adjudicated By The MSPB Are Limited To Specific Enumerated Adverse Employment Actions

Under the Act, MSPB is permitted to hear an appeal of any adverse employment action over which it has been specifically granted jurisdiction by law, rule, or regulation.  5 U.S.C. § 7701(a); *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998); *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Pursuant to the Act, qualified Federal employees are entitled to appeal certain adverse actions imposed by their employing agency to MSPB, which has the authority to affirm the action or provide appropriate relief to the employee.  *See* 5 U.S.C. § 7701.  Among the limited actions appealable to MSPB are the following: (1) removals (from federal service); (2) suspensions for more than 14 days; (3) reductions in grade; (4) reductions in pay; and (5) furloughs of 30 days or less.  5 U.S.C. § 7512.  Unless otherwise provided

by statute or regulation, MSPB may not hear appeals of employment actions other than these enumerated actions.[1]

When an appeal of an adverse action is filed with MSPB, an administrative judge in one of MSPB's regional offices adjudicates the appeal and issues an initial decision. 5 C.F.R. § 1201.111. Any party may then file an administrative petition for review of the administrative judge's initial decision to the full Board. 5 C.F.R. § 1201.114. The full Board will then issue a final decision in the individual's appeal. 5 C.F.R. § 1201.117. If neither party files an administrative petition for review of the administrative judge's initial decision, the initial decision will become the final decision of the Board 35 days after issuance. 5 C.F.R. § 1201.113.

After MSPB issues a final decision, either from an MSPB administrative judge or the full Board, the employee may seek judicial review of the decision in federal court. 5 U.S.C. § 7703(a)(1). The Act dictates the forum for review depending on the nature of the employee's appeal. *See* 5 U.S.C. § 7703(b). The default for judicial review of MSPB decisions takes place at the United States Court of Appeals for the Federal

---

[1] One primary exception is for claims of whistleblower reprisal, which are not at issue in this case. Procedures for such claims are addressed under 5 U.S.C. § 1221(a). *See e.g., Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1327-28 (Fed. Cir. 2020).

Circuit, which reviews MSPB's decision on the administrative record, and will set aside a decision found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.[2]  5 U.S.C. §§ 7703(b)(1)(A), 7703(c); *U.S. Postal Service v. Gregory,* 534 U.S. 1, 6 (2001).

If the case is a "mixed case" – that is, the employee has been affected by an action which the employee may appeal to MSPB, and alleges that a basis for that action was discrimination, judicial review takes place in federal district court.  5 U.S.C. §§ 7702(a)(1), 7703(b)(2).  A decision in a mixed case appeal is subject to two different standards of review by the district court.  *Grant v. Mnuchin*, 373 F. Supp. 3d 286, 294 (D.D.C. 2019).  The claims of discrimination are reviewed by the court *de novo*; the claims that the adverse actions were otherwise wrongful are reviewed under the same § 7703(c) record review standard applied by the Federal appellate courts.  *Id*.

---

[2]  An exception to this rule not relevant to the present matter relates to Whistleblower Protection Act cases, which can be reviewed by the Federal Circuit or any other circuit court of competent jurisdiction.  5 U.S.C. § 7703(b)(1)(B).

**C.      Employees Alleging Discrimination In Connection With An Adverse Employment Action *Not* Appealable To The MSPB, *Must* Submit Their Complaint To The EEOC**

EEOC's mission differs significantly from MSPB's.  In contrast to MSPB's task of adjudicating adverse actions within its limited jurisdiction, regardless of the reason the action is alleged to be wrongful, EEOC's charge is to ensure that personnel actions are made free from prohibited discrimination.  42 U.S.C. § 2000e-16(a).  EEOC carries out its mission in part through Equal Employment Opportunity (EEO) professionals within Federal agencies, who, *inter alia,* investigate and issue first-line decisions if federal employees allege discrimination in connection with their employment – all internal agency functions for which there is no MSPB counterpart.  29 C.F.R. §§ 1614.105, 1614.106, 1614.108, 1614.110.  Individuals who are dissatisfied with the internal agency processing of an EEO complaint are also entitled to have their claims heard at the EEOC, with the opportunity for a hearing before an EEOC administrative judge, as well as review of a decision of an EEOC administrative judge by the EEOC.  29 C.F.R. §§ 1614.109, 1614.110, 1614.401.

To administratively exhaust claims of discriminatory personnel actions not within MSPB's jurisdiction, employees *must* pursue their claims first through the agency's EEO complaint process. *See* 29 C.F.R. §§

24

1614.105, 1614.106, 1614.108(e). Once they complete the agency EEO process, if unsatisfied with the outcome or they do not receive a final agency decision on their claims within a certain time frame, the employee is deemed to have administratively exhausted their claims and may file a district court complaint where their claims receive a *de novo* review.[3] *See* 29 C.F.R. § 1614.407; 42 U.S.C. § 2000e-16(c).

### D. An Employee Alleging Discrimination Related To An Action Appealable to MSPB – A Mixed Case – May Be Heard By the EEOC, MSPB, And/Or District Court

The "mixed case" administrative adjudication process provides a route for employees to exhaust MSPB-covered claims through an appeal with the MSPB, while permitting them to access EEO resources and procedures in connection with related discrimination claims. Under "mixed case" procedures, an individual has the right to file his first complaint or appeal with either the EEOC or MSPB.[4]

---

[3] The employee may also pursue redress at the EEOC through the hearing process, but is not required to do so to administratively exhaust his claims. 29 C.F.R. § 1614.407.

[4] Whichever forum an employee selects first, will be considered a binding election for the route he wishes to take. 29 C.F.R. § 1614.302. However, the election is primarily as to timing, rather than an irrevocable choice of forum: no matter which forum is selected first, if MSPB holds it lacks jurisdiction, the employee has the option to return to the EEO process to pursue a non-mixed case. 29 C.F.R. § 1614.302(b).

If the employee elects the EEO process for their mixed-case complaint, the complaint is processed by the agency largely pursuant to the standard procedures set forth for EEOC complaints. 29 C.F.R. § 1614.302(d). Upon issuance of the agency's final decision, rather than appeal to EEOC as in a non-mixed case, the employee has the right to appeal to MSPB, which will adjudicate both the appeal of the adverse action and the claim that the action was based on prohibited discrimination. *Id.*; 5 U.S.C. § 7702(a)(1). The MSPB's final decision is appealable to a district court. 5 U.S.C. § 7702(a)(1).

Conversely, if the individual first files a mixed case appeal with MSPB, the individual has the right either to appeal to district court or to pursue additional administrative process by petitioning EEOC to review MSPB's decision on the discrimination claim, whereupon EEOC will determine whether MSPB's decision correctly interpreted the evidence and the applicable discrimination statute. 5 U.S.C. § 7702(b). If, after either agency is afforded the opportunity to review the other agency's decision on the discrimination claim, the EEOC and MSPB decisions disagree as to the final outcome of the case, the matter is then referred to a special panel, consisting of one representative from both EEOC and MSPB, and a third representative appointed by the President and confirmed by the Senate.

5 U.S.C. § 7702(d). The panel will consider the appeal and render the final decision in the matter, which, again, is judicially appealable to district court. *Id*.

Under all of these scenarios, eventual judicial review takes place in Federal district court. *Supra*, at 23. Additionally, the mixed case statutory scheme includes languishing provisions that allow an individual to file suit in Federal district court if no administrative action (EEOC or MSPB) has been taken at several different points in the process, typically 120 days without a specified action. 5 U.S.C. § 7702.

Although this statutory scheme is undeniably complex, a single point of clarity dictates the outcome of the instant case. As explained below, although an employee with mixed claims can navigate any number of paths to administrative exhaustion, an employee with non-mixed claims – discrimination claims not connected to an action appealable to MSPB – *must* exhaust through EEOC procedures only and cannot bring non-mixed claims to MSPB.

27

II.    **MSPB Lacked Jurisdiction Over all of Mr. Crowe's Personnel Actions Other Than His Removal**

A.    **MSPB Will Not Decide Non-Appealable Actions "Inextricably Intertwined" With Appealable Actions**

The dispositive issue before this Court is the proper route for administrative exhaustion of claims raising discrimination in connection with personnel actions *not* appealable to MSPB, when those claims are factually or procedurally related to adverse actions that *are* appealable to MSPB and are presented to MSPB. The district court found that the non-appealable personnel actions were "" and thus must be presented to MSPB along with the appealable actions. This holding conflicts with MSPB's longstanding decision in *Lethridge,* and the procedures followed by MSPB and EEOC in the nearly 20 years since *Lethridge*, and as explained below, would not achieve the purpose of the CSRA. 99 M.S.P.R. 675 (2005).

In 1999, the EEOC considered the same question now presented to this Court and provided guidance by way of its Management Directive 110 ("MD-110"), in which it directed attorneys for Federal agencies to file with MSPB motions to consolidate non-appealable actions with pending MSPB mixed case appeals. EEOC, Management Bulletin 100-1, ¶ 2 (Oct. 24, 2003) (produced at Dkt. No. 51 at 3-5). Several years later, MSPB notified the EEOC that this guidance was improper, because it encouraged agency

attorneys to request that MSPB hear claims outside its limited jurisdiction. *Id*. As a result, in 2003 EEOC issued Management Bulletin 100-1 ("MB 100-1"), which rescinded the portion of the 1999 MD-110 that had directed agencies to file motions to consolidate non-mixed claims with mixed case appeals at MSPB. MB 100-1.

In 2005, MSPB issued a precedential decision that further elaborated on the process and MSPB's interpretation of its jurisdiction. In *Lethridge v. United States Postal Service*, 99 M.S.P.R. 675, 677 (2005), an appellant appealed his removal by the United States Postal Service and alleged prohibited discrimination in connection with the removal. *Lethridge v. United States Postal Service*, 99 M.S.P.R. 675, 677 (2005). The appellant also had three pending complaints with the EEOC in which he alleged that, due to prohibited discrimination, the agency: (1) denied him reasonable accommodation and placed him in a non-pay status; (2) ended his detail, called him a "bastard," and notified him that his workers compensation benefits were being terminated; and (3) proposed to remove him, which was a denial of reasonable accommodation and/or in retaliation for prior EEO activity. *Id*. at 677-78. For all three complaints, EEOC found, consistent with its pre-2003 guidance, that it lacked jurisdiction because the events underlying the complaints were inextricably intertwined with the appellant's

29

ultimate removal by the agency, which was within MSPB's jurisdiction. *Id*. at 677-79. The MSPB administrative judge hearing the removal claim disagreed with EEOC's decision regarding the first two complaints, but agreed with EEOC's decision for the third complaint regarding the proposed removal, finding it "intertwined" with the removal action. She then certified her ruling on all three complaints for interlocutory review by the full Board. *Id*. at 678-79.

The Board held that it lacked jurisdiction over these claims and stated that its statutory jurisdiction was limited to appeals of certain adverse actions, and that there was no indication in the statutory text that its jurisdiction was expandable to hear adverse actions not assigned to it by statute, regardless of whether they were factually or procedurally related to claims under its jurisdiction. *Id*. at 679-80. The Board found that the legislative history of the CSRA supported its conclusion: "[i]n the case of discrimination complaints involving personnel actions not otherwise appealable to the Board, the [EEOC] will have full responsibility for deciding the matter," and "[t]he jurisdiction of the Board is determined entirely by the nature of the personnel action taken, not by the kind of legal or factual arguments raised or the procedures used to raise the discrimination issue." *Id*. at 679-80 (quoting S.Rep. 95-969, *56). The

30

Board noted EEOC's MB 100-1, which reached the same conclusion. *Id*. at 680. The Board thus held that, even if policy concerns could support hearing non-appealable actions, the statutory text did not allow the Board to hear claims not within its jurisdiction – "inextricably intertwined" with claims within its jurisdiction or otherwise – and thus held that the Board lacked jurisdiction over the claims in all three EEOC complaints. *Id*. at 679-81.

### B. The MSPB Lacks Jurisdiction Over Mr. Crowe's Non-Appealable Personnel Actions

Mr. Crowe's appeal is squarely governed by *Lethridge*. His removal appeal alleged discrimination and thus was a mixed case properly appealed to MSPB. His simultaneously pending (and earlier filed) EEOC complaints alleged discrimination in connection with claims of being subjected to an investigation, placed on administrative duty, and deprived of overtime. 2-ER-256-280; 5-ER-864-869. None of these events were adverse actions within the definition of § 7512, and thus none were appealable to MSPB. As such, none met the definition of a mixed case as defined by § 7702 and EEOC's mixed-case complaint/appeal regulation, 5 C.F.R. § 1614.302(a). Had Mr. Crowe actually filed an appeal with MSPB about the investigation, assignment of administrative duties, or deprivation of overtime, as the district court held he should have done, pursuant to *Lethridge,* the Board

would have dismissed these claims for lack of jurisdiction. *See, e.g., Royal-Bird v. Department of Defense*, 2016 WL 7439567, ¶ 6 (M.S.P.B. Dec. 20, 2016); *Gottlieb v. Department of Labor*, 2016 WL 3541240, ¶ 10 (M.S.P.B. June 29, 2016); *McDermott v. United States Postal Service*, 2015 WL 5943662, ¶ 28 (M.S.P.B. Oct. 13, 2015); *Sarratt v. United States Postal Service*, 2015 WL 456397, ¶ 8 (M.S.P.B. Feb. 3, 2015); *Bailey-Moore v. Department of the Navy*, 2016 WL 308708, ¶ 17 (M.S.P.B. Jan. 22, 2016).

One of the primary purposes of an administrative exhaustion requirement is to allow an administrative agency to apply its expertise to a problem. *McKart v. United States*, 395 U.S. 185, 193-94 (1969). Another purpose is to promote judicial efficiency by letting an individual vindicate his rights in the administrative process without involving the courts. *Id*. at 195. Had Mr. Crowe brought his non-appealable, non-mixed claims to MSPB, they would have been dismissed. Thus, not only would his claims not have been brought to the agency with the expertise and authority to address them (the EEOC), but he would not have been given the opportunity to vindicate his claims before going to district court. The first forum to ever hear the merits of Mr. Crowe's non-appealable actions would have been the district court. Requiring Mr. Crowe to bring his non-appealable claims to MSPB to exhaust them, merely because he also had a claim within MSPB's

jurisdiction already pending at MSPB, defeats the entire purpose of the exhaustion requirement. Moreover, it potentially leaves employees like Mr. Crowe who dutifully follow both agencies' prescribed administrative schemes, without a judicial remedy.

The district court's requirement that Mr. Crowe bring his non-appealable personnel actions to MSPB was thus in error. As the Board correctly held in *Lethridge*, the statutory text and intent of the CSRA does not permit MSPB to hear claims intertwined with or related to matters not within MSPB's jurisdiction – only matters that actually *are* within MSPB's jurisdiction. *See* S.Rep. 95-969, *56 ("[t]he jurisdiction of the Board is determined entirely by the nature of the personnel action taken, not by the kind of legal or factual arguments raised or the procedures used to raise the discrimination issue."). Congress designated only the EEOC to hear these claims. Accordingly, MSPB submits that Mr. Crowe should not have been required to appeal his non-appealable actions to MSPB.

## CONCLUSION

For the reasons set forth above, the Court should reverse the decision of the district court dismissing Mr. Crowe's non-removal discrimination claims for lack of subject matter jurisdiction. MSPB takes no position on Mr. Crowe's remaining claims.

33

Respectfully submitted,

ALLISON J. BOYLE
General Counsel

KATHERINE M. SMITH
Deputy General Counsel


/s/ Stephen W. Fung
STEPHEN W. FUNG
Attorney
Office of the General Counsel
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419-0002
(202) 254-4483

DATE: November 18, 2022

## **STATEMENT OF RELATED CASES**

Counsel for the amicus is not aware of any related cases that are pending in this Court.

## **STATEMENT WITH RESPECT TO ORAL ARGUMENT**

The amicus believes that the facts and legal arguments are adequately represented in the briefs and excerpts of the record and that the decisional process would not be significantly aided by oral argument.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, service of the foregoing Brief for Amicus was made upon all parties via CM/ECF.

DATE: November 18, 2022      /s/ Naomi D. Williams
                                      Naomi D. Williams
                                      Paralegal

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure, I hereby certify that the text of the electronic version of the foregoing brief is identical to the paper copies, has been scanned by Symantec Endpoint Version 12.1 and found to be virus-free, and that the textual portion of the brief, exclusive of the tables of contents and authorities, certificates of service and compliance, and statement of related cases, but including headings, footnotes, and quotations, contains 3,595 words as determined by the word counting feature of Microsoft Word, and therefore complies with this Court's November 7, 2022 order.

/s/ Stephen W. Fung
STEPHEN W. FUNG

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 21-15802

I am the attorney or self-represented party.

**This brief contains** | 3,595 | **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

⦿ complies with the length limit designated by court order dated | 11/7/2022 |.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Stephen W. Fung | **Date** | 11/18/2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/2018*