No. 21-15802

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

STEVEN W. CROWE,

Plaintiff-Appellant,

v.

CHRISTINE WORMUTH, Secretary of the Army,

Defendant-Appellee.

———————————

On Appeal From the United States District Court
for the District of Hawaii

———————————

**DEFENDANT-APPELLEE'S SECOND SUPPLEMENTAL BRIEF**

———————————

CLARE E. CONNORS #7936
  *United States Attorney*
  *District of Hawaii*

EDRIC M. CHING #6697
  *Assistant U.S. Attorney*
  *Room 6-100*
  *PJKK Federal Building*
  *300 Ala Moana Blvd.*
  *Honolulu, Hawaii 96850*
  *Telephone: (808) 541-2850*

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ...................................................................... i

I.    INTRODUCTION ...................................................................... 1

II.   ARGUMENT ............................................................................ 3

A.    Crowe Waived The Arguments Asserted in the
Supplemental Brief. .................................................... 3

B.    The MSPB Possesses Jurisdiction Over Discrimination
Matters That Are Related To The Termination Matter
Brought Before the MSPB. ......................................... 3

C.    Crowe Failed To Comply With the Requirement That He
Pursue His Termination-Related Discrimination Claims
With The MSPB .......................................................... 5

D.    The EEOC Management Guidance Does Not Apply
To This Case As The MSPB Had Jurisdiction Over All
Discrimination Claims Related To Crowe's Termination. ..... 8

E.    The CSRA Authorizes The MSPB To Adjudicate
Discrimination Claims Related To A Termination ............. 10

F.    A Formalistic Application of the MSPB's Decision In
Lethridge Would Undermine Congress's Purpose In
Enacting The CSRA. ................................................... 11

III.  CONCLUSION .......................................................................... 16

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                   <u>Page(s)</u>

*Belkis D., Complainant,*
   EEOC DOC 2021000093, 2021 WL 1072293 (Mar. 2, 2021) ............... 14

*Chappell v. Chao,*
   388 F.3d 1373 (11th Cir. 2004) .................................................... 2, 6, 11

*Elgin v. Department of Treasury,*
   567 U.S. 1 (2012) ................................................................................. 12

*In re Mortg. Elec. Registration Sys., Inc.,*
   754 F.3d 772 (9th Cir. 2014) ................................................................. 3

*Kloeckner v. Solis,*
   568 U.S. 41 (2012) ................................................................................. 6

*Lethridge v. U.S. Postal Service,*
   99 M.S.P.R. 675 (2005) ........................................................... 11, 12, 13

*Maximo S., Complainant,*
   EEOC DOC 2020003877, 2020 WL 6165645 (Oct. 7, 2020) .......... 14, 15

*McAdams v. Reno,*
   64 F.3d 1137 (8th Cir. 1995) ................................................... 2, 6, 7, 11

*Miller v. Fairchild Indus., Inc.,*
   797 F.2d 727 (9th Cir. 1986) ................................................................. 3

*Perry v. MSPB,*
   137 S. Ct. 1975 (2017) ......................................................................... 12

*Pueschel v. Peters,*
   577 F.3d 558 (4th Cir. 2009) ................................................... 2, 6, 7, 11

*Punch v. Bridenstine,*
   945 F.3d 322 (5th Cir. 2019) ............................................................... 11

*Stoll v. Principi,*
   449 F.3d 263 (1st Cir. 2006) ................................................................. 7

i

*Venetta S., Complainant*,
  EEOC DOC 2020000414, 2020 WL 5994724 (Sept. 9, 2020) .............. 13

<u>Statutes</u>

5 U.S.C. § 7512 ................................................................................. 4, 6

5 U.S.C. § 7702 ............................................................................. *passim*

5 U.S.C. § 7703(b)(2) ............................................................................ 8

42 U.S.C. § 2000e-16(b) ....................................................................... 6

<u>Regulations</u>

5 C.F.R. § 1201.157 .............................................................................. 8

5 C.F.R. § 1201.175 .............................................................................. 8

29 C.F.R. § 1614.302(b) .................................................................... 6, 7

29 C.F.R. § 1614.310(b) ....................................................................... 8

## I.    INTRODUCTION

This Court should affirm the district court's dismissal of Crowe's retaliation and discrimination claims related to his termination that he abandoned before the MSPB.  This Court should not consider the EEOC management guidance and directives, which were only referenced for the first time during oral argument rebuttal.  In any event, those materials do not compel reversal of the judgment here.

The arguments in the MSPB's amicus brief are misplaced as the district court properly ruled that retaliation and discrimination claims related to Crowe's termination needed to be raised before the MSPB. Once Crowe elected to bring a mixed case appeal to the MSPB challenging his termination, he was required to bring all discrimination/retaliation claims related to the termination before the MSPB.

In this case, Crowe has not disputed that the retaliation and discrimination claims the district court dismissed are related to his termination.  Rather, Crowe argues that he can raise these claims in connection with pre-termination actions, such as the agency's investigation of allegations of Crowe's misconduct and his placement on

1

administrative leave.  That is incorrect.  Both Crowe's pre-termination claims and his challenge to his termination involved a common set of facts: the alleged misconduct of a police officer, the investigation of the allegations against Crowe, and the alleged bias of the persons conducting the investigation and making the decisions to propose and eventually remove Crowe.  In such circumstances, established principles prohibiting "claim-splitting" foreclose Crowe's efforts to simultaneously litigate these claims in multiple fora.  *See Pueschel v. Peters*, 577 F.3d 558, 563–64 (4th Cir. 2009); *Chappell v. Chao*, 388 F.3d 1373, 1378 (11th Cir. 2004); *McAdams v. Reno*, 64 F.3d 1137, 1143 (8th Cir. 1995).

Crowe's belated reliance on EEOC guidance documents is misplaced as those documents simply direct agencies not to instruct employees to consolidate non-appealable matters with appealable actions before the MSPB.  However, that guidance does not address the relevant question here—whether Crowe was required to assert all his discrimination/retaliation claims relating to his termination claim before the MSPB.  Because Crowe's discrimination and retaliation claims were related to his termination, he was required to raise them

before the MPSB, which had jurisdiction to adjudicate those claims in conjunction with Crowe's termination claim.

## II.  ARGUMENT

### A.  Crowe Waived The Arguments Asserted in the Supplemental Brief.

Crowe's belated attempt to rely upon EEOC and MSPB guidance fails because he never raised these issues in district court.  *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014).  Moreover, Crowe did not rely on these materials in his Opening Brief or Reply Brief in this Court, and he has thus forfeited any arguments based on those documents.  *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).  Crowe does not identify any extraordinary circumstances justifying a departure from normal waiver rules here.

### B.  The MSPB Possesses Jurisdiction Over Discrimination Matters That Are Related To The Termination Matter Brought Before the MSPB.

In its Amicus Brief, the MSPB argues that the district court's dismissal of Crowe's discrimination and retaliation claims challenging actions related to his termination conflicts with limits on the MSPB's

jurisdiction.  That argument misapprehends both the facts of this case and the Army's arguments.

The Army is not contending that the MSPB has jurisdiction over civil service claims that do not qualify as appealable actions under 5 U.S.C. § 7512.  Our point is much more limited: If a plaintiff elects to pursue a mixed case appeal with the MSPB based on an appealable action—here, termination—the MSPB has jurisdiction to consider *discrimination/retaliation* claims related to the termination, and plaintiff has an obligation to raise those claims before the MSPB. 1-ER-25-28.

A mixed case is a case in which an employee has both "been affected by an action which [he] may appeal to the Merit Systems Protection Board," *and* "alleges that a basis for the action was discrimination prohibited by" Title VII or specified other federal anti-discrimination laws.  5 U.S.C. § 7702(a)(1).  When presented with such a mixed case, the MSPB is required to "decide both the *issue of discrimination* and the appealable action."  *Id.* (emphasis added).  Here, the MSPB thus had jurisdiction under Section 7702 to decide all of Crowe's discrimination and retaliation claims relating to his appealable

4

action (termination) that arise from a common nucleus of facts. In adjudicating Crowe's sexual orientation discrimination claim, the MSPB therefore did not act in excess of its jurisdiction under Section 7702, nor did it assume jurisdiction over any non-appealable action, when it considered Crowe's allegations that the Army's actions that formed the basis for its ultimate termination decision were discriminatory. Because Crowe's retaliation and discrimination claims related to his termination are part of his mixed case under 5 U.S.C. § 7702, Crowe was required to pursue all of those claims before the Board when he elected to file an MSPB mixed case appeal; he could not pursue the sexual orientation claim separately from other discrimination and retaliation claims that arose from the same matter. Thus, the district court properly dismissed Crowe's discrimination/retaliation claims that he abandoned before the Board.

### C. Crowe Failed To Comply With the Requirement That He Pursue His Termination-Related Discrimination Claims With The MSPB

The MSPB's argument that Crowe was unable to raise his related discrimination and retaliation claims lacks merit. Amicus Brief at 28. Where, as here, an employee's basis for alleging discrimination in each

of the steps leading up to his ultimate termination (i.e., the investigation, placement on administrative leave, and notice of proposed termination) arises from the same nucleus of facts as the discriminatory termination claim, then those *discrimination/retaliation* claims cannot be split from the MSPB appeal and litigated separately in an EEO complaint. *See* 5 U.S.C. § 7702(a); 29 C.F.R. § 1614.302(b); *Pueschel*, 577 F.3d at 563–64; *Chappell*, 388 F.3d at 1378; *McAdams*, 64 F.3d at 1143. Regardless of whether the MSPB has jurisdiction over the claims that are not appealable actions under Section 7512, it *does* have jurisdiction over *discrimination* claims that allegedly form a basis for an indisputably appealable action such as termination. 5 U.S.C. § 7702; *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012).

Pursuant to 42 U.S.C. § 2000e-16(b), the EEOC has authority to promulgate regulations and guidance establishing procedures governing the administrative process for adjudicating federal-sector Title VII claims. Under the EEOC's regulations governing mixed cases, an employee must elect to pursue either a mixed case complaint before the agency EEO or a mixed case appeal before the MSPB, but not both. 29 C.F.R. § 1614.302(b). EEOC regulations also protect employees in cases

6

where the MSPB dismisses a mixed case appeal for lack of jurisdiction by providing that under those circumstances, the employee may proceed with the EEO process. *Id.* An employee therefore must raise all of his discrimination/retaliation claims that arise from the same matter in whichever forum that he elects. *See Pueschel*, 577 F.3d at 563–64; *Stoll v. Principi*, 449 F.3d 263, 266-267 (1st Cir. 2006); *McAdams*, 64 F.3d at 1143.

Here, the MSPB initially dismissed Crowe's mixed case appeal because, at the outset, he had elected to proceed in the EEO process (tellingly, with a mixed case complaint that included both challenged actions leading up to his termination and the termination itself) and had to exhaust there first. 2-ER-371. But after 120 days had passed without an agency decision on the EEO mixed case complaint, Crowe elected to proceed with an MSPB appeal. 1-ER-28. The MSPB indisputably had jurisdiction over that appeal and decided it on the merits. Once Crowe elected to pursue remedies before the MSPB, he no longer had the option of simultaneously pursuing an EEO complaint on discrimination claims that were related to the MSPB appeal. Rather, the proper course at that juncture was to pursue his termination claim

7

and all related discrimination claims before the MSPB. And, once the MSPB issued a final decision on his appeal, Crowe had the option of appealing the discrimination portion of the MSPB's decision to the EEOC, see 5 C.F.R. § 1201.157, or seeking review of the entire decision in district court, 5 U.S.C. § 7703(b)(2); 5 C.F.R. § 1201.175; 29 C.F.R. § 1614.310(b). Crowe could not, however, continue to pursue an EEO complaint involving the same matter. Accordingly, the district court correctly concluded that it could not adjudicate any claims beyond those Crowe raised and litigated before the MSPB.

### D. The EEOC Management Guidance Does Not Apply To This Case As The MSPB Had Jurisdiction Over All Discrimination Claims Related To Crowe's Termination.

The guidance documents upon which Crowe relies, Management Bulletin EEO-MB 100-1 (2003) and Management Directive EEOC MD-110 (2015), do not address the relevant question in this appeal. These documents explain that an agency should not direct a complainant to consolidate non-appealable actions with appealable actions in a mixed case appeal before the MSPB. But they do not recommend a course of action for the agency when the MSPB has exercised jurisdiction over an appealable action (here, termination) and therefore has jurisdiction to

8

decide—and indeed is statutorily required to decide (5 U.S.C. § 7702(a)(1))— discrimination claims related to the appealable action.

The relevant question is whether Crowe's discrimination and retaliation claims could have been raised before the MSPB in connection with his termination because they arise from a common nucleus of facts. As the district court properly determined, the answer is yes:

> "Plaintiff does not dispute that the claims he first raised before the EEO regarding a hostile work environment, reprisal, and other forms of discrimination were all what—in Plaintiff's view—led to him being investigated for misconduct, placed on administrative duties, and then ultimately removed."

1-ER-28.

The district court's holding is correct because Crowe's removal and his retaliation claims all arose out of the allegations of misconduct being made against him. Both the removal and pre-removal challenged involved questions regarding the validity of the investigation, including actions taken by certain investigating officers, the sufficiency of the information provided by the witnesses, and the credibility of the witnesses.

Had Crowe properly raised such discrimination and retaliation claims before the MSPB, the district court could have decided them *de novo* on the merits, as it did with his sexual orientation discrimination claim. *See* Dist. Ct. Op. 28 n.10. But because he abandoned such claims before the MSPB, the district court correctly dismissed them.

### E. The CSRA Authorizes The MSPB To Adjudicate Discrimination Claims Related To A Termination

Any argument by Crowe or the MSPB that the MSPB cannot consider any discrimination claims that relate to non-appealable actions in the context of a mixed case appeal is contrary to the plain language of the CSRA. As noted, the MSPB has a statutory duty under 5 U.S.C. § 7702(a)(1) to decide the "issue of discrimination" as well as the appealable action in a mixed case appeal. Because Crowe's basis for arguing that his termination was improper arises from the same facts as his pre-termination discrimination and retaliation claims (here, investigation and placement on administrative leave), he was required to bring his discrimination and retaliation claims before the MSPB. Allowing Crowe to splice off retaliation and discrimination claims arising from a common nucleus of facts reviewed by the MSPB in adjudicating his termination claim would conflict with the unanimous

10

view of the courts of appeals that such claims-splitting is improper.  *See Punch v. Bridenstine*, 945 F.3d 322, 329–31 (5th Cir. 2019); *Pueschel*, 577 F.3d at 563–64; *Chappell*, 388 F.3d at 1378; *McAdams*, 64 F.3d at 1143.  Here, Crowe's discrimination claims and his MSPB action are based on "similar issues arising out of overlapping facts." *Pueschel*, 577 F.3d at 563; *Chappell*, 388 F.3d at 1377–78; *McAdams*, 64 F.3d at 1143.  Thus, as the district court recognized, once Crowe elected to pursue his termination claim with the MSPB, he could not bifurcate any of his discrimination claims relating to that termination.

### F.    A Formalistic Application of the MSPB's Decision In Lethridge Would Undermine Congress's Purpose In Enacting The CSRA.

Applying a formalistic approach to mixed cases based on the MSPB's decision in *Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675 (2005), would also defeat Congress's purpose in enacting the CSRA provisions governing mixed cases: to promote judicial economy and to ensure that claims involving the same matter (i.e., a common nucleus of facts) are not bifurcated.  Indeed, in a related context, the Supreme Court emphasized the importance of avoiding "the expense, delay, and inconvenience of requiring employees to sever inextricably related

claims," and specifically noted that "[t]he CSRA's objective of creating an integrated scheme of review . . . would be seriously undermined" by "parallel litigation regarding the same agency action." *Perry v. MSPB*, 137 S. Ct. 1975, 1987 (2017) (quoting *Elgin v. Department of Treasury,* 567 U.S. 1, 14 (2012)).

In *Lethridge*, the MSPB held that it lacked jurisdiction over non-appealable actions, even those "inextricably intertwined" with claims within its jurisdiction. 99 M.S.P.R. at 679-81. That holding cannot be extended to preclude the MSPB from hearing discrimination claims related to appealable actions, however, because the MSPB has jurisdiction over such claims under 5 U.S.C. § 7702. Moreover, the expansive reading of *Lethridge* proposed in the MPSB's amicus brief (at 32-33) is contrary to the agency's actual practice, as the MSPB decision in this case illustrates. In order to adjudicate Crowe's claim that the Army discriminated against him based on sexual orientation when it terminated his employment, the MSPB judge examined Crowe's factual allegations involving the challenged actions that ultimately led to a removal 1-ER-70-95.

Furthermore, *Lethridge*'s holding that not even a notice of proposed removal merges into a removal action once an employee is terminated, see 99 M.S.P.R. at 681, conflicts with EEOC guidance and the position Crowe has taken in his supplemental brief. *See* Pl. Supp. Br. 12 n.4 (noting that EEOC has recognized a "commonsense exception," under which "issuance of a notice of proposed termination will merge with the ultimate decision on the proposed action"). As Crowe appears to recognize, in adjudicating whether a removal is discriminatory, the MSPB must necessarily examine the facts and circumstances and reasons the removal was proposed in the first instance.

The MSPB can and does consider discrimination and retaliation claims that are intertwined with an appealable action without asserting jurisdiction over non-appealable actions. In addition to this case, the MSPB has considered discrimination and retaliation claims inextricably intertwined with challenges to removal in other cases.

For example, in *Venetta S., Complainant*, EEOC DOC 2020000414, 2020 WL 5994724, at *1 (Sept. 9, 2020), the complainant challenged her termination with MSPB and also brought disability

13

discrimination and reprisal claims arising out of a statement of counseling she received and the denial of her request for a reasonable accommodation. The MSPB Judge addressed the termination claims as well as the counseling and reasonable accommodation claims, which the EEOC held were inextricably intertwined. *Id.* at *2.

Similarly, in *Belkis D., Complainant*, EEOC DOC 2021000093, 2021 WL 1072293, at *1 (Mar. 2, 2021), the complainant challenged her removal and also alleged disability discrimination based in part on the agency's withholding of information regarding leave procedures that resulted in her being marked as absent without leave. The MSPB Judge upheld the removal and after reviewing the complainant's leave usage also found that that no discrimination had occurred. *Id.* at *2. The EEOC determined that the discrimination claims were inextricably intertwined with the removal. *Id.*

Finally, in *Maximo S., Complainant*, EEOC DOC 2020003877, 2020 WL 6165645, at *1 (Oct. 7, 2020), the complainant filed an EEOC complaint alleging disability discrimination when his employer utilized an agility test, requested medical documentation, removed his firearm and determined that he could not perform the duties of his position. *Id.*

14

The complainant was removed and he challenged his removal and raised discrimination claims before the MSPB. *Id.* The MSPB ruled in favor of the agency and the EEOC dismissed the EEOC Complaint because the discrimination claims had been adjudicated by the MSPB. *Id.*

Thus, contrary to the arguments in the MSPB's Amicus Brief (at 33), these cases demonstrate that the MSPB regularly adjudicates pre-removal discrimination claims that are inextricably intertwined with an appealable action such as termination without assuming jurisdiction over non-appealable actions.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

15

## III.  CONCLUSION

This Court should affirm the portion of the district court's judgment dismissing Crowe's discrimination and retaliation claims because the MSPB had jurisdiction to adjudication those claims and Crowe was required to litigate those claims before the MSPB once he elected to pursue a mixed case appeal challenging his removal before the MSPB.

Respectfully submitted,

CLARE E. CONNORS
United States Attorney

s/ Edric M. Ching
EDRIC M. CHING
  *Assistant U.S. Attorneys*
  *Room 6100*
  *PJKK Federal Building*
  *300 Ala Moana Blvd.*
  *Honolulu, Hawaii  96850*
  *Telephone:  (808) 541-2850*
  *Edric.Ching@usdoj.gov*

DECEMBER 2, 2022, Honolulu, Hawaii.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  | 21-15802

I am the attorney or self-represented party.

**This brief contains** | 2,761 | **words**, excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R.

App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P.
29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because
*(select only one):*

    ○ it is a joint brief submitted by separately represented parties;

    ○ a party or parties are filing a single brief in response to multiple briefs; or

    ○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated | | .

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Edric M. Ching | **Date** | Dec 2, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**

*Rev. 12/01/2018*